# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. CLOSSIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:13-01 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

### I.

This matter is before the Court on Defendant's Motion for Order Fixing Expert Witness Fee (ECF No. 29). Specifically, Defendant asks the Court to set a reasonable fee for Defendant's deposition of Plaintiff's treating physician and expert, Dr. Christopher Lincoski. Plaintiff did not file a response to the motion.

### II.

Federal Rule of Civil Procedure 26(b)(4)(E) provides, "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." In determining whether a fee request is reasonable, courts consider a number of factors:

> (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally

charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26.

*Delgado v. Sweeney*, No. 01-cv-3092, 2004 WL 228962, at *3 (E.D. Pa. Jan. 6, 2004) (quoting *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D. Del. 2003)). "[T]he burden of proving the reasonableness of an expert's fees lies with the party seeking reimbursement." *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009). Ultimately, the district court has discretion to set an expert fee that it deems is reasonable.[1] *Delgado*, 2004 WL 228962, at *3; *see also Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999).

## III.

Plaintiff initiated this action pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51, *et seq.*, alleging that he developed bilateral carpal tunnel syndrome during his employment with Defendant. (*See* ECF No. 1). The parties are currently engaged in discovery. According to Plaintiff's Rule 26(a) disclosures, Plaintiff intends to present the expert testimony of Dr. Lincoski at trial regarding Plaintiff's bilateral carpal tunnel syndrome. Consequently, Defendant has attempted to schedule the deposition of Dr. Lincoski. The deadline for depositions of Plaintiff's experts is August 30, 2014. (*See* ECF No. 34 ¶ 2).

---

[1] Numerous courts have recognized that "[t]here is little authority defining a reasonable fee." *New York v. Solvent Chem. Co., Inc.*, 210 F.R.D. 462, 468 (W.D. N.Y. 2002); *Goldwater v. Postmaster Gen. of U.S.*, 136 F.R.D. 337, 339 (D. Conn. 1991); *Hurst v. U.S.*, 123 F.R.D. 319, 321 (D.S.D. 1988) ("[M]ost courts acknowledge the paucity of authority and then use their discretion to select an amount deemed reasonable."). Indeed, this Court has found very few cases within the Third Circuit directly on point. Nevertheless, the courts that have addressed this issue are consistent in their approach.

While attempting to schedule Dr. Lincoski's deposition, Defendant was informed that Dr. Lincoski's deposition fee for the first hour is $4,000 and that, if the deposition exceeds one hour, Dr. Lincoski would determine the applicable rate at the time of the deposition. Defendant asserts that "Dr. Lincoski's fee of $4,000 for an hour of time is excessive and unreasonable" and that "allowing Dr. Lincoski to charge 'whatever he feels like charging' for any time exceeding one hour . . . is patently unreasonable." (ECF No. 29 ¶¶ 14-15). Defendant has attempted to negotiate a "reasonable fee" with Plaintiff and Dr. Lincoski, but without success. Defendant now asks the Court to set a reasonable expert witness fee for the deposition of Dr. Lincoski. Plaintiff has not filed any response to Defendant's motion and has failed to provide any information to assist the Court in assessing whether Dr. Lincoski's requested fee is reasonable.

Based on information submitted by Defendant, Dr. Lincoski is an orthopedic surgeon at University Orthopedics Center, working out of the Altoona and State College offices. (ECF No. 29 ¶ 18). Defendant's counsel has indicated that Dr. Lincoski's deposition would likely last two to three hours. (ECF No. 29 ¶ 13). Defendant suggests that a reasonable fee for Dr. Lincoski's deposition is a rate of between $250 and $500 per hour. (ECF No. 29 ¶ 21).

Having carefully considered Defendant's motion and exhibits along with the relevant cases, and having weighed the applicable factors, the Court finds that Dr. Lincoski's fee of $4,000 for the first hour of his deposition is unreasonable under the circumstances of this case. Importantly, Plaintiff has not presented any argument or evidence to show that Dr. Lincoski's fee is reasonable under the circumstances. Indeed,

3

Plaintiff has not even made available the expert's curriculum vitae for review by the Defendant or the Court. The Court has no information regarding Dr. Lincoski's education, experience, designation as an expert, or the rates charged by comparable experts in the field. *See Young v. Global 3, Inc.*, No. CIV.A.03-N-2255(CBS), 2005 WL 1423594, at *2 (D. Colo. May 26, 2005); *New York v. Solvent Chem. Co., Inc.*, 210 F.R.D. 462, 468 (W.D. N.Y. 2002) ("If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee.").

Accordingly, the Court concludes that a deposition fee of $1,500 for the first three hours, or any part thereof, is reasonable, rather than Dr. Lincoski's requested fee of $4,000 for the first hour. *See, e.g., Burgess v. Fischer*, 283 F.R.D. 372, 373 (S.D. Ohio 2012) (finding expert doctor's flat fee of $2,000 for deposition unreasonable and setting reasonable deposition fee at $360 per hour, which was the doctor's regular billing rate); *Young*, 2005 WL 1423594, at *2 (reducing hourly rate for deposition of expert doctor from $1,200 to $500); *Farace v. Am. Airlines, Inc.*, No. 2:10-cv-00724-KJD, 2011 WL 3841438, at *2 (D. Nev. Aug. 29, 2011) (finding expert's rate of $1,400 per hour "indisputably excessive" and setting the rate instead at $300 per hour); *Solvent Chem. Co., Inc.*, 210 F.R.D. at 469 (finding expert doctor's fee of $255 per hour reasonable because it was consistent with the rate charged by experts with similar qualifications); *Scheinholtz v. Bridgestone/Firestone, Inc.*, 187 F.R.D. 221, 222 (E.D. Pa. 1999) ("reluctantly" approving expert doctor's fee of $600 per hour because the defendants had agreed to that amount, but noting the $600 per hour fee was high and "should not be considered to have precedential value").

IV.

AND NOW this 8th day of July, 2014, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion to set expert witness fee (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. Christopher Lincoski shall be compensated by the Defendant at the rate of $1,500 for the first three hours of his deposition, or any part thereof, and at the rate of $400 per hour thereafter.

**BY THE COURT:**

*Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**